IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENESIS FS CARD SERVICES, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | C.A. No. _____ |
| LENOVO (UNITED STATES) INC., | § § § | |
| *Defendant.* | § § | |

## ORIGINAL COMPLAINT

Plaintiff, Genesis FS Card Services, Inc. ("Genesis") brings its claims for breach of contract and for other relief against Defendant Lenovo (United States) Inc. ("Lenovo"), and respectfully states:

## PARTIES

1. **Genesis.** Genesis is an Oregon business corporation with its principal place of business in Beaverton, Oregon.

2. **Lenovo.** Lenovo is a Delaware business corporation with its principal place of business in Morrisville, North Carolina. Lenovo can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this dispute and personal jurisdiction over Lenovo. This Court has subject matter jurisdiction over Genesis's state law claims pursuant to 28 U.S.C. § 1332(a) because Genesis, on the one hand, and Lenovo,

49275936 v3

on the other hand, are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over Lenovo as it is incorporated in this state.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because this is a judicial district in which Lenovo is subject to personal jurisdiction. Moreover, the parties' agreement contains a mandatory venue provision whereby they have submitted to the jurisdiction of the state and federal courts in the State of Delaware for disputes arising out of same. As such, the jurisdiction and venue requirements are met.

## STATEMENT OF FACTS

**A.    The Parties**

5. Lenovo is in the business of selling technology products and services to customers, including personal computers, tablets, phones, and smart devices.

6. Genesis is in the business of servicing open-end, revolving credit accounts originated by third-party financial institutions on behalf of individual consumers purchasing goods and services from participants that have agreements with Genesis.

**B.    The Agreement**

7. On or about August 21, 2021, Genesis and Lenovo entered into a Program Participation Agreement (the "Agreement") to establish a credit program for Lenovo and its Customers.[1] Under the credit program, customers who wanted to purchase Lenovo merchandise from Lenovo's website were offered the opportunity to finance their purchase

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

through a "Lenovo Credit Card."  Genesis (as the Servicer) would arrange for a financial institution (Issuer) to make financing available to pay for the purchase.

8. Pursuant to the Agreement, a Lenovo customer who was approved for an Account issued by Issuer and serviced by Genesis would become a "Cardholder" under the Agreement. The Cardholder could then charge the Account for goods or services sold by Lenovo.

9. Under the Agreement, Lenovo and Genesis expressly agreed that certain credit losses arising from the credit program would be Lenovo's responsibility, and that Genesis has specific chargeback rights. The Agreement states in relevant part:

> **Section 5.7. Chargeback Rights.** [Lenovo] will not bear any credit losses associated with any Purchase or Card Sale, except as otherwise provided in this Agreement and except that Issuer or Genesis, as servicer for Issuer, may Chargeback to [Lenovo] the Purchase Amount if Genesis or Issuer determines that one or more of the following occurred:
>
> ***
>
> D. The charge is disputed and [Lenovo] cannot provide a copy of the underlying Sales Slip within fifteen (15) days after Genesis requests such Sales Slip or the Sale Slip does not contain all information required pursuant to Section 3(G).
>
> E. Genesis or Issuer determines that any Purchase or Card Sale does not represent a bona fide sale of Goods or Services, including without limitation arising from fraud or the actions of [Lenovo's] employees, agents or other third parties acting on behalf of or for the benefit of [Lenovo].
>
> F. The Goods or Services paid for using the Account have not been delivered or provided to the Cardholder.
>
> ***
>
> H. Good or services were delivered to or provided at an address other than the ship to address provided by Cardholder in the Sales Slip.
>
> ***

J. If Genesis determines, after reasonable investigation, that the Customer, Applicant or Cardholder has a valid Dispute with [Lenovo] and denies in good faith any of the following: (i) the Card Sale, (ii) the execution of the Sales Slip or Application, (iii) the delivery, quality, or performance of the Goods or Services purchased, including, without limitation, breach of warranty, or (iv) she/he authorized the Card Sale, and [Lenovo] is unable to, or chooses not to, resolve such Dispute or denial.

K. [Lenovo] fails to deliver to Genesis the Sales Slip within the times as specified by this Agreement.

10. Lenovo also agreed that Genesis had the right to determine, in its sole discretion, whether a chargeback was warranted under the Agreement, and the Agreement provides the chargeback procedure. The Agreement states in relevant part:

**Section 5.6. Borrower Disputes.** Genesis and [Lenovo] will promptly notify the other when a Cardholder has made or asserted a Dispute. Within (10) business days of receipt of a Dispute, [Lenovo] will provide Genesis with all documentation describing the Dispute, including the Cardholder's written claim or, if taken verbally, a summary of the details of the claim. [Lenovo] agrees to cooperate in good faith with Genesis in the investigation and resolution of each Dispute and to comply with the Operating Procedures regarding Disputes. If the Dispute warrants a Chargeback pursuant to Section 5.7 or the Operating Procedures, Genesis may execute a Chargeback after receiving the documentation describing the Dispute from [Lenovo] or after receiving a description of the Dispute directly from the Cardholder. If [Lenovo] thereafter believes a Chargeback is not warranted, it shall have thirty (30) business days in which to investigate the Chargeback and provide Genesis with the documentation it believes may absolve it of the Chargeback. **Genesis will determine in its sole discretion the sufficiency of such documentation and the validity of the Dispute.** If Genesis determines that the documentation is sufficient to absolve [Lenovo] of the Chargeback, Genesis shall reverse the Chargeback and credit [Lenovo] with each applicable Chargeback.[2]

11. Importantly, under section 5.8 of the Agreement, Lenovo agreed to pay any amount it owes to Genesis or Issuer within sixty (60) days after it receives an invoice from

---

[2] Emphasis added by counsel.

49275936 v3                               4

Genesis or Issuer for such amount that is due and owing under the Agreement. Additionally, this section of the Agreement allows Genesis or Issuer to offset any amount Issuer owes Lenovo by any amount Lenovo owes Genesis or Issuer.

**C.      The Chargebacks**

12.     Beginning in September 2021, Lenovo Customers began financing their purchase of Lenovo merchandise through the Lenovo credit program serviced by Genesis.

13.     By October 2021, Cardholders began making or asserting Disputes, claiming, among other things, that Account transactions were fraudulent. Pursuant to the Agreement, Genesis began executing chargebacks on the subject Accounts. The Chargebacks were processed in the following phases:

| **Phase** | **Accounts** | **Transactions** | **Chargeback Dates** |
|---|---|---|---|
| 1 | 26 | 60 | 11/8/21-11/10/21 |
| 2 | 51 | 136 | 11/22/21-11/26/21 |
| 3 | 33 | 93 | 11/30/21-12/2/21 |
| 4 | 29 | 70 | 12/7/21-12/9/21 |
| 5 | 21 | 45 | 12/17/21-12/19/21 |
| 6 | 32 | 87 | 12/26/21-12/28/21 |
| 7 | 55 | 136 | 1/19/22-1/20/22 |
| 8 | 103 | 319 | 1/24/22-1/26/22 |
| 9 | 275 | 636 | 1/31/22-2/4/22 |
| 10 | 413 | 930 | 2/3/22-2/8/22 |
| 11 | 166 | 386 | 2/7/22-2/8/22 |
| 12 | 154 | 389 | 2/23/22-2/25/22 |

14. Genesis notified Lenovo of the Disputes and Chargebacks (collectively, the "Chargebacks"), and provided Lenovo with an opportunity to investigate and provide any documentation it believed absolved it of its obligation to pay the Chargebacks under the Agreement. However, Lenovo either failed to timely contest the Chargebacks or failed to provide documentation that Genesis, in its sole discretion, considered sufficient to resolve the Disputes in Lenovo's favor.

### D.     The Offset and the Invoice

15. On June 10, 2022, Genesis notified Lenovo that it had exercised its right under section 5.8 of the Agreement and offset $490,641.78 in credit losses from the amounts due to Lenovo under the Agreement, but that $2,623,445.41 remained due and owing to Genesis for the Chargebacks processed under the Agreement. Therefore, pursuant to section 5.8 of the Agreement, Genesis provided Lenovo with an invoice for this amount (the "Invoice"), which was due and owing to Genesis under the terms of the Agreement. Payment of the Invoice was due from Lenovo by August 9, 2022.

### E.     Lenovo Fails and Refuses to Pay the Invoice

16. Lenovo failed to timely pay the Invoice, and, instead, requested additional information regarding the Invoice and the Chargebacks subject thereto. Although Genesis has provided additional information and repeatedly engaged in communications with Lenovo regarding the Chargebacks, Lenovo has nevertheless failed and refused, and continues to fail and refuse to pay the Invoice due under the Agreement.

17. As a result of Lenovo's acts, omissions, and multiple breaches of the Agreement, Genesis has engaged the undersigned counsel to collect the amount due and owing by Lenovo under the Agreement, which exceeds $2,623,445.41.[3]

## COUNT I: BREACH OF CONTRACT (THE AGREEMENT)

18. Genesis incorporates by reference the facts pleaded in ¶¶ 1-17 herein.

19. The Agreement constitutes a valid and enforceable contract between Genesis and Lenovo under applicable Delaware law.

20. Lenovo breached the Agreement by failing to perform its obligations thereunder as detailed extensively herein.

21. As a result of Lenovo's breach, Genesis has suffered damages in excess of $2,500,000.00, which it is entitled to recover in this action.

## CONDITIONS PRECEDENT

22. All conditions precedent to Genesis' right to recover from Lenovo have been performed, occurred, waived, or excused.

*[Continued on Next Page]*

---

[3] Genesis is processing additional Chargebacks in the amount of approximately $185,000 that, if not timely paid by Lenovo, will be made part of this suit.

## CONCLUSION AND PRAYER

23. Genesis requests the following relief:

   a. That Lenovo be served with summons and the complaint and be required to answer in the time and manner prescribed by law;

   b. That the Court award Genesis its actual, consequential, and other damages in an amount to be proven at trial but in excess of $2,500,000.00; and

   c. That Genesis have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: October 21, 2022                **BURR & FORMAN LLP**

*/s/ J. Cory Falgowski*
J. Cory Falgowski (No. 4546)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
Telephone: (302) 830-2312
Fax: (302) 397-2566
Email: jfalgowski@burr.com

*Counsel for Plaintiff*
*Genesis FS Card Services, Inc.*

*Of Counsel:*
**FIGARI + DAVENPORT, LLP**
Ryan K. McComber (Texas Bar No. 24041428)
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Fax: (214) 939-2090
Email: ryan.mccomber@figdav.com