IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GENESIS FS CARD SERVICES, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-1385-MAK** |
| | : | |
| **LENOVO (UNITED STATES) INC.** | : | |
| | : | |

# ORDER

**AND NOW**, this 3rd day of February 2023, upon considering Defendant's Motion to dismiss (D.I. 15) and Plaintiff's Response (D.I. 30), it is **ORDERED** Defendant's Motion to dismiss (D.I. 15) is **DENIED** and Defendant shall answer no later than **February 17, 2023**.[1]

**KEARNEY, J.**

---

[1] Genesis Card Services, Inc. sues its contractual counter-party Lenovo (United States) Inc. for breaching an August 21, 2021 Program Participation Agreement. D.I. 1. Lenovo moves to dismiss attaching evidence arguing Subsection 5.7(e) of the Agreement does not permit Genesis to take chargebacks for third party fraud. D.I. 16 at 11-15. Subsection 5.7(e) provides Lenovo may "bear credit losses associated with any Purchase or Card Sale . . . if . . . Genesis or Issuer determines that any Purchase or Card Sale does not represent a bona fide sale of Goods or Services, ***including without limitation*** arising from fraud ***or*** the actions of [Lenovo's] employees, agents or other third parties acting on behalf of or for the benefit of [Lenovo]." D.I. 1 ¶ 9 (emphasis added). Lenovo argues we must construe the bona fide sale exception to only include fraud perpetrated by Lenovo because the only commonality in the Section 5.7 exceptions is Lenovo's actions.

The plain language of the Agreement signed by Lenovo provides Section 5.7(e) could include third party fraud. The distinction between "actions of [Lenovo's] employees" **or** "fraud" means there must be situations where there can be fraud not perpetrated by Lenovo employees (or agents or third parties acting on behalf of Lenovo). *Id.* Any other reading of this language would render the fraud language superfluous because all instances of Lenovo fraud would be captured by the second clause of Subsection 5.7(e). Lenovo makes passing reference to pre-sale third party fraud but it is too early to address whether Section 5.7(e) may apply to pre-sale fraud. D.I. 16 at 9.

Lenovo's request for declaratory relief is improperly raised in its motion to dismiss. Lenovo may only raise a counterclaim under Rule 13. Fed. R. Civ. Proc. 13. Lenovo also argues Genesis breached the agreement. D.I. 16 at 15-18. A motion to dismiss is not the proper time to address this counter-theory or defense. Fed. R. Civ. Proc. 12, 13.