IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENESIS FS CARD SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-1385-MAK |
| | : | |
| LENOVO (UNITED STATES) INC. | : | |
| | : | |

# ORDER

**AND NOW**, this 23rd day of February 2023, following our February 3, 2023 Order (ECF Doc. No. 32) beginning discovery and today's telephonic Initial Pretrial Conference, it is **ORDERED** the parties are attached for a three-day non-jury trial beginning **July 12, 2023** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov.

2. All motions to further amend the pleadings and to join or add additional parties shall be filed by **March 31, 2023.**

3. All fact and expert discovery shall be served, noticed, and completed by **May 5, 2023**[1] and we expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.

4. No later than **March 23, 2023**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief consistent

---

[1] The parties may agree to extend this *discovery* deadline *without extending any other deadline* without seeking leave.

with F.R.E. 408. All responding parties shall provide a detailed written response on or before **March 31, 2023**.

5. Counsel shall promptly confer as to the appointment of a private mediator so as to allow Plaintiff to file a Notice not exceeding two pages no later than **March 3, 2023** as to the parties' choice of a mediator or to show cause in Memoranda not exceeding five pages as to why we should not appoint former Chief Judge Sue L. Robinson as a Rule 53 settlement master at her customary compensation.

6. Each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **April 4, 2023**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **April 14, 2023**. Expert depositions, if any, shall be concluded no later than **May 5, 2023**.

7. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

8. Summary judgment (if warranted mindful of the bench trial) and *Daubert* motions, if any, shall be filed no later than **May 17, 2023**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **May 31, 2023**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition.

Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

   (f) Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

   (g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

  9. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

  10. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

  11. No later than **June 26, 2023**, each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

  12. No later than **June 27, 2023**, each party shall file a pretrial memorandum compliant with our Policies.

  13. All motions affecting trial presentations (e.g., *in limine*), list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers)

shall be filed on or before **June 28, 2023**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **July 7, 2023**.

14. Counsel is attached for a three-day non-jury trial beginning on **July 12, 2023** at **9:00 A.M.** and, with the parties' consent, to be held in Courtroom 6B of the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.

_____
KEARNEY, J.